United States Bankruptcy Court
District of Massachusetts

In re: Case No. 11-20412-jnf
Ines M Machado Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0101-1     User: dk     Page 1 of 2     Date Rcvd: Feb 07, 2012
                         Form ID: b18    Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 09, 2012.
```
db         +Ines M Machado,    11 Country Club Rd,    Peabody, MA 01960-2714
aty        +Jay P. Johnson,    10 First Avenue,    Suite 34,    Peabody, MA 01960-4906
smg         MASS DEPT OF REVENUE,    BANKRUPTCY UNIT,    PO BOX 9564,    BOSTON, MA 02114-9564
smg        +UNITED STATES ATTORNEY,    ONE COURTHOUSE WAY,    SUITE 9200,    BOSTON, MA 02210-3013
18289335   +Arboretum Condominium,   C/O Crownshield Management Corp,    P.O. Box 66574,
             Phoenix, AZ 85082-6574
18289337    Bank Of America,    P.O. Box 15025,    Wilmington, DE 19886-5025
18289338   +Bank Of America Home Loans,    450 American St #SV416,    Simi Valley, CA 93065-6285
18289344   +Specialized Loan Services,    8742 Lucent Blvd Ste 300,    Highlands Ranch, CO 80129-2386
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr         +EDI: QSFGROSSMAN.COM Feb 08 2012 01:13:00     Stewart F. Grossman,    Looney & Grossman,
             101 Arch Street,    Boston, MA 02110-1117
smg        +E-mail/Text: duabankruptcy@detma.org Feb 08 2012 01:24:59     COMMONWEALTH OF MASSACHUSETTS,
             DIV OF UNEMPLOYMENT ASSISTANCE,   ATTN BANKRUPTCY UNIT 5TH FLOOR,    19 STANIFORD STREET,
             BOSTON, MA 02114-2502
smg         E-mail/Text: born.emily@dol.gov Feb 08 2012 01:25:03     US DEPARTMENT OF LABOR,
             EMPLOYEE BENEFITS,    JFK FEDERAL BUILDING,    ROOM 575,    BOSTON, MA 02203
ust        +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Feb 08 2012 01:24:44     John Fitzgerald,
             Office of the US Trustee,    J.W. McCormack Post Office & Courthouse,
             5 Post Office Sq., 10th Fl, Suite 1000,    Boston, MA 02109-3934
18289334   +EDI: BANKAMER.COM Feb 08 2012 01:13:00     AAA Financial Services,    P.O. Box 15019,
             Wilmington, DE 19886-5019
18289336   +EDI: BANKAMER2.COM Feb 08 2012 01:13:00     Bank Of America,    P.O. Box 17054,
             Wilmington, DE 19850-7054
18289339   +EDI: CAPITALONE.COM Feb 08 2012 01:13:00     Capital One,    P.O. Box 30285,
             Salt Lake City, UT 84130-0285
18289340    EDI: CHASE.COM Feb 08 2012 01:08:00     Chase,    P.O. Box 15298,    Wilmington, DE 19850-5298
18289341    EDI: DISCOVER.COM Feb 08 2012 01:08:00     Discover,    P.O. Box 15316,    Wilmington, DE 19850
18289342    EDI: IRS.COM Feb 08 2012 01:13:00     Internal Revenue Service,    P.O. Box 7346,
             Philadelphia, PA 19101-7346
18289343   +EDI: TSYS2.COM Feb 08 2012 01:13:00     Macy's,    Bankruptcy Processing,    P.O. Box 8053,
             Mason, OH 45040-8053
                                                                                              TOTAL: 11
```

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 09, 2012**                         **Signature:** _/s/ Joseph Speetjens_

```
District/off: 0101-1          User: dk                  Page 2 of 2              Date Rcvd: Feb 07, 2012
                              Form ID: b18              Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 7, 2012 at the address(es) listed below:

```
          Jay P. Johnson    on behalf of Debtor Ines Machado jpj@jpjlaw.net
          John   Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
          Stewart F. Grossman    trustee@lgllp.com, ma16@ecfcbis.com
                                                                              TOTAL: 3
```

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Massachusetts
Case No. **11–20412**
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  Ines M Machado
  11 Country Club Rd
  Peabody, MA 01960

Social Security / Individual Taxpayer ID No.:
  xxx–xx–3108

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                BY THE COURT

Dated: 2/7/12                   Joan N. Feeney
                                United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**